**Affirmed as modified; Opinion Filed September 21, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01483-CR

**JASON DEWAYNE CAMPBELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-54703-S**

# MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

Appellant Jason Dewayne Campbell waived a jury and pleaded not guilty to the offense of indecency with a child. After finding appellant guilty, the trial court assessed punishment at six years imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

Appellant filed a pro se response raising several issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the judgment incorrectly recites appellant pleaded guilty to the offense and that there were plea bargain terms. The record, however, shows appellant pleaded not guilty and there was no plea bargain agreement in this case. Accordingly, on our own motion, we modify the section of the trial court's judgment entitled "plea to offense" to show "not guilty" and the section entitled "terms of plea bargain" to show "none." TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same).

As modified, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
171483F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JASON DEWAYNE CAMPBELL,
Appellant

No. 05-17-01483-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-54703-S.
Opinion delivered by Justice Stoddart.
Justices Whitehill and Boatright
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Plea to Offense" is modified to show "Not Guilty."

The section entitled "Terms of Plea Bargain" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 21st day of September, 2018.